**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Alaa E. Elkharwily, M.D., | Civ. No. 12-3062 (DSD/JJK) |
| Plaintiff, | |
| v. | |
| Mayo Holding Company, a corporation doing business as Mayo Health System doing business as Mayo Clinic Health System doing business as Albert Lea Medical Center – Mayo Health System; Mayo Clinic Health System – Albert Lea, a corporation; Mark Ciota, M.D.; John Grzybowski, M.D.; Dieter Heinz, M.D.; Robert E. Nesse, M.D.; Steve Underdahl; Stephen Waldhoff; Mayo Foundation; Mayo Clinic, Inc.; | **ORDER** |
| Defendants. | |

Richard T. Wylie, Esq., counsel for Plaintiff.

David T. Schultz, Esq., Charles G. Frohman, Esq., Paul B. Civello, Esq., Mason Edelman Borman & Brand, LLP; and Joanne L. Martin, Esq., Mayo Clinic, counsel for Defendants.

This matter is before the Court on Plaintiff's Motion to Compel Discovery Responses (Doc. No. 61). Defendant MCHSAL (hereinafter "Defendant") opposes the motion. (Doc. No. 72.) The Court held a hearing on the motion on January 23, 2014, at which the parties were represented by counsel. Based on the motion, the parties' written submissions, the oral argument at the hearing,

and on all the documents and proceedings herein, and consistent with the Court's comments given on the record at the hearing, the Court grants in part and denies in part the motion.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Compel Discovery Responses (Doc. No. 61), is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. With regard to Defendant's redactions to responding to discovery based on HIPPA, 45 C.F.R. § 164.500, et. seq., Plaintiff's counsel shall designate which of the redacted documents it needs to have the redactions lifted in to prosecute his case. Counsel for both parties shall thereafter meet and confer to determine whether Defendant will lift the redactions as to those particular documents or whether to bring the issue to the Court with respect to certain documents.

    b. The Court will not rule on Defendant's objections to responding to discovery based on Minn. Stat. § 145.64 at this time. Once privilege logs are exchanged, and an evaluation can be made as to whether the peer review privilege applies as to specific documents, then any unresolved issues can be brought to the Court on motion for a determination.

    c. Both parties shall provide each other privilege logs on or before **January 30, 2014**.

    d. Regarding Request No. 1, Plaintiff's motion is **DENIED** as overbroad.

    e. Regarding Request No. 2, Plaintiff's motion is **DENIED** as overbroad.

    f. Regarding Request No. 3, Plaintiff's motion is **DENIED** based on Defendant's representation that there are no other responsive documents to produce.

    g. Regarding Request Nos. 4, 5, 6, Plaintiff's motion is **DENIED AS MOOT** based on Defendant's representation that all responsive, non-privileged documents have been produced.

    h. Regarding Request No. 7, Plaintiff's motion is **DENIED AS MOOT** based on Defendant's representation that production has been made in full except for those documents that will appear on its privilege log.

    i. Regarding Request No. 8, Plaintiff's motion is **DENIED AS MOOT** based on Defendant's representation that, as narrowed by Plaintiff, Defendant confirmed there are no responsive documents.

    j. Regarding Request No. 9, which requests "[a]ll files and records relating to the care and treatment and billing for the following patients at MCHSAL," is **DENIED** as overbroad.

    k. Regarding Request No. 10, Plaintiff's motion is **DENIED** as overbroad.

    l. Regarding Request No. 11, Plaintiff's motion is **GRANTED** as narrowed by Plaintiff to be only requesting policies and procedures related to physician hand-offs.  This Order does not preclude Defendant from placing certain documents on its privilege log if appropriate.

    m. Regarding Request No. 12, Plaintiff's motion is **DENIED** as overbroad.

    n. Regarding Request No. 13, Plaintiff's motion is **GRANTED.** This Order does not preclude Defendant from placing certain documents on its privilege log if appropriate.  Issues regarding peer review privilege can be raised after privilege logs have been produced.

    o. Regarding Interrogatory Nos. 8 and 9, Plaintiff's motion is **GRANTED** only to the extent Defendant must provide the names of the nurses and physicians at MCHSAL who were working on December 7 and 8, 2010.

    p. Regarding Interrogatory Nos. 14, 15, 16, Plaintiff's motion is **DENIED** as overbroad.

    q. Regarding Interrogatory No. 20, Plaintiff's motion is **DENIED** as overbroad.

Date: January 23, 2014

                             _s/ Jeffrey J. Keyes_
                             JEFFREY J. KEYES
                             United States Magistrate Judge