**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Alaa E. Elkharwily, M.D.,

      Plaintiff,

v.

Mayo Holding Company, a corporation,
d/b/a Mayo Health System, d/b/a Mayo
Clinic Health System, d/b/a Albert Lea
Medical Center - Mayo Health System,
Mayo Clinic Health System - Albert Lea,
a corporation, Mayo Clinic, a
corporation, Mark Ciota, M.D., John
Grzybowski, M.D., Dieter Heinz, M.D.,
Robert E. Nesse, M.D., Steve Underdahl,
and Stephen Waldhoff,

      Defendants.

CASE NO. 0:12-CV-03062 (DSD/JJK)

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S OBJECTION TO
MAGISTRATE JUDGE'S ORDER ON
MOTION TO COMPEL**

---

This is a straightforward employment matter involving claims of retaliation and

breach of contract.  Plaintiff generally alleges that he complained about violations of law

and was terminated in retaliation.  However, he can point to no actual complaints made

during his employment.  As a result, he has requested the highly confidential medical and

billing records of *every* patient he saw during his three months of employment, as well as

the records of others he did not see, to "refresh his recollection" about what he allegedly

reported.  This appears to be an attempt to pore over Defendant's records to claim, after

the fact, that he observed and reported any problems he may now uncover.  This is not

the function of discovery, nor is it contemplated by Plaintiff's retaliation claims.  Any

issues from Plaintiff's employment are only relevant if Plaintiff actually reported them.

An employee's whistleblower report "must be made for the purpose of exposing an illegality and not a vehicle, identified after the fact, to support a belated whistle-blowing claim." *Kidwell v. Sybaritic, Inc.*, 784 N.W.2d 220, 227 (Minn. 2010).

In ruling on Plaintiff's motion to compel further discovery responses, Magistrate Judge Keyes recognized the overbroad nature of Plaintiff's requests, as well as Defendant's reasonable efforts to respond to them.  Accordingly, Judge Keyes granted in part and denied in part Plaintiff's Motion to Compel.  (ECF No. 80.)  Plaintiff's objection repeats his arguments in cursory fashion and provides no analysis to justify disturbing the Magistrate's Order.  Accordingly, Defendant respectfully requests that the Court overrule Plaintiff's objection.

## PROCEDURAL BACKGROUND

Plaintiff filed his Complaint on December 6, 2012.  Defendant moved to dismiss in response, and the Court dismissed Plaintiff's claims for intentional infliction of emotional distress, defamation, and violations of the Minnesota Vulnerable Adults Act. (ECF No. 42.)  The Court dismissed the portion of Plaintiff's Emergency Medical Treatment and Active Labor Act ("EMTALA") claim based on the allegation that Plaintiff was terminated in retaliation for refusing to transfer a patient.  The Court also dismissed all individual Defendants and all corporate entities other than Mayo Clinic Health System - Albert Lea ("MCHSAL" or "Defendant").  Plaintiff's remaining claims are against MCHSAL for retaliation under the Minnesota Whistleblower Act, the federal

False Claims Act, and EMTALA, and for breach of contract.  The Second Amended

Complaint is the operative complaint.  (ECF No. 43.)

## ARGUMENT

### I.   LEGAL STANDARD.

A motion to compel discovery is a nondispositive motion.  D. Minn. LR

7.1(b)(4)(A).  "The standard of review applicable to an appeal of a magistrate judge's

order on a nondispositive issue is extremely deferential." *Reko v. Creative Promotions,*

*Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  The Court must affirm the order unless

it is clearly erroneous or contrary to law.  D. Minn. LR 72.2(a)(3).  "A decision is

contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of

procedure." *McGinnis v. Soo Line R.R. Co.*, No. 12-795 (DSD/JJK), 2013 U.S. Dist.

LEXIS 57689, at *3 (D. Minn. Apr. 23, 2013) (Doty, J.) (*quoting Knutson v. Blue Cross*

*& Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008).  "A finding is 'clearly

erroneous' when although there is evidence to support it, the reviewing court on the

entire evidence is left with the definite and firm conviction that a mistake has been

committed." *Chase v. Comm'r*, 926 F.2d 737, 740 (8th Cir. 1991) (*quoting United States*

*v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Federal Rules allow discovery of relevant information which is reasonably

calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).

Discovery rules are given a broad and liberal construction, but discovery is not without

limit.  The Court has the discretion to limit the extent of discovery if:

> the burden or expense of the proposed discovery outweighs its likely
> benefit, considering the needs of the case, the amount in controversy, the
> parties' resources, the importance of the issues at stake in the action, and
> the importance of the discovery in resolving the issue.

Fed. R. Civ. P. 26(b)(2)(C).  The liberality of discovery "should not be misapplied so as

to allow fishing expeditions in discovery.  Some threshold showing of relevance must be

made before parties are required to open wide the doors of discovery and to produce a

variety of information which does not reasonably bear upon the issues in the case."

*McGinnis*, 2013 U.S. Dist. LEXIS 57689, at *4-5 (*quoting Hofer v. Mack Trucks, Inc.*,

981 F.2d 377, 380 (8th Cir. 1992)).

## II.    REQUESTS FOR PRODUCTION.

### A.    Request Nos. 1-2: All Documents Relating to Plaintiff, All Plaintiff's Emails and Text Messages.

Defendant produced responsive documents to these requests.  Plaintiff moved to

compel unredacted versions of the produced documents and documents that Defendant

withheld as privileged.  All of the documents Defendant withheld have been logged in

Defendant's privilege log, which was produced to Plaintiff.  As Defendant confirmed in

its memorandum in the underlying motion, it withheld no other documents.  (ECF No. 72

at 17, 19-20.)  Notably:

> '[the Court] must accept, at face value, a party's representation that it has
> fully produced all materials that are responsive to a discovery request'. . . .
> Federal Rule of Civil Procedure 26 provides adequate protection to ensure
> that, if Defendants are found to be deficient in their document production,

4

appropriate sanctions will be leveled and [the plaintiff] will not suffer
undue prejudice.

*Great Lakes Gas Transmission L.P. v. Essar Steel Minn., LLC*, No. 09-CV-3037

(SRN/LIB), 2011 U.S. Dist. LEXIS 42549, at \*12 (D. Minn. Apr. 19, 2011) (*quoting*

*Marvin Lumber & Cedar Co. v. PPG Indus.,* 168 F.R.D. 641, 643 n.1 (D. Minn. 1996)).

Defendant has produced responsive documents.  The Magistrate Judge left open the

issues of Defendant's redactions and its assertion of privilege for the parties to meet and

confer further, and if necessary, to bring any unresolved issues with the Magistrate.

Plaintiff's objection to these requests are moot.

**B.      Request Nos. 4, 5, 6: Patient Files Relating to Certain Documents.**

As the Magistrate Judge noted in his Order, Defendant confirmed that it has

produced all responsive documents to these requests that are not otherwise privileged.

(ECF No. 80 at 2.)  None of the documents that are the subject of Plaintiff's inquiry

referenced, relied on or incorporated any patient files.  (ECF No. 72 at 23.)  There are no

responsive patient files to produce.  Moreover, Defendant has logged all the documents it

has withheld in its privilege log and produced that log as instructed by the Magistrate.

(ECF No. 80 at 2.)  Plaintiff's objection is moot.

**C.      Request 9: All Files and Records Relating to the Care, Treatment and
Billing for Numerous Patients, Regardless of Whether Plaintiff Treated
or Made A Report About Their Care.**

In the 16 subparts to request number 9, Plaintiff seeks all medical and billing

records for every patient Plaintiff saw or treated during his employment, as well as

records for other patients he did not even see.  Defendant subsequently produced the

medical records for the patients named in subparts 9F, 9G, and 9J. These are the three

patients who Plaintiff referenced in complaints he filed with the Minnesota Board of

Medical Practice after his termination; two of whom are the patients involved in his

claims that two doctors failed to timely respond when on-call. Plaintiff has no basis to

request the countless other medical and billing records he seeks.

Plaintiff cannot identify what he claims to have reported (he has no emails,

documents, or other written reports), so he is indiscriminately requesting the highly

confidential medical records for hundreds of patients to refresh his memory and in hopes

of showing he had a legitimate basis to complain about something. (ECF No. 64 at 41.)

But, even if any problems with these patients were revealed in their medical records,

Plaintiff has made no showing that he complained about them. Furthermore, as discussed

in Defendant's opposition to Plaintiff's motion to compel, Plaintiff testified that he saw

*none* of the billing records for any patient during his employment, he had no knowledge

of what claims Defendant made to the government or what it was reimbursed, and he

reported no fraud to Defendant's compliance officer or any governmental agency before

his termination. (ECF No. 72 at 29.) Request 9 is a fishing expedition that the

Magistrate Judge properly denied as overbroad.

To justify his request, Plaintiff argues that he "is hampered by the fact that

Defendant removed Plaintiff's notes and lists of his observations from his room after it

removed him, depriving him of authentication of the details of what he saw and

reported." (ECF No. 81 at 5.) This allegation is baseless and was entirely refuted by

Defendant in its opposition.[1]  (ECF No. 72 at 20-22.)  Plaintiff left no notes that

Defendant did not return to him or produce in discovery.

> **D.      Request 10: All Documents Relating to Plaintiff or the Claims or
> Defenses in this Action Prepared by "Any Named Organizational
> Defendant," Numerous Individuals, and Certain Departments.**

Plaintiff objects that his requests for communications from and among these

individuals and entities are relevant.  (ECF No. 81 at 6.)  Again, Defendant confirmed

that it produced emails and documents from Defendant and the individuals identified in

request 10, and that it produced communications to and from Plaintiff and other

documents from the various departments.  (ECF No. 72 at 30-31.)  Defendant objected as

to overbreadth and vagueness in its response, explaining that to the extent the request

seeks all documents "relating to" Plaintiff and any claims or defenses, it did not read this

request to encompass patient billing records or medical files.  Patient files are not

responsive to this request and are not relevant.  Defendant responded appropriately, and

the Magistrate properly denied Plaintiff's request for unspecified additional records as

overbroad.

> **E.      Request 12: All Written Policies, Procedures and Guidelines in Effect
> During Plaintiff's Employment.**

Request 12, seeking every policy of any type in effect during Plaintiff's

employment, including policies relating to any and all medical procedures, is patently

overbroad.  In effort to compromise, MCHSAL produced an index of HR policies and

---

[1] Plaintiff's reliance on this argument is unusual because Plaintiff did not appeal Judge
Keyes' denial of Request No. 3, which sought all documents and things Defendant
allegedly removed from Plaintiff's employer-provided housing unit after Plaintiff's
termination.

agreed to produce the policies Plaintiff requested, subject to objection.  (*See* ECF No. 72

at 31-32.)  Plaintiff refused to narrow his request for all policies and has never responded

to Defendant's effort to compromise.  Defendant has subsequently produced a number of

HR and related policies, including policies relating to patient admissions, handoffs and

discharges.  Plaintiff's overbroad request reaches volumes of irrelevant information that

he does not attempt to justify or explain, and it was properly denied.

## III.    INTERROGATORIES.

### A.    Interrogatory Nos. 14, 15, 16: The Names and Medical Record Numbers for *Every* Patient Admitted, Seen, Treated, Transferred, and Discharged During Plaintiff's Employment.

To "refresh his recollection," Plaintiff seeks the identity of every patient he

encountered during his entire period of employment, as well as the identities of other

patients he did not even admit, treat or discharge.[2]  (ECF No. 81 at 8.)  Notably, in a

corresponding document request (No. 9B) Plaintiff seeks all of the medical and billing

records for all of these patients.  In effect, Plaintiff is attempting to recreate his

employment to find any problems that may have occurred, whether he reported them or

not, regardless of whether he was even aware of them.  Plaintiff's inability to recall what

he allegedly investigated and reported cannot justify such indiscriminate requests.

---

[2] In recent discovery correspondence, Plaintiff's counsel gave another reason.  Counsel
stated that if Plaintiff's requests for medical records were denied, he may contact
Defendant's patients or their families to get consent to look at their files.  (Frohman Decl.
¶ 2, Ex. A at 2.)  By doing so, Plaintiff will effectively circumvent the Magistrate's
determination that such files were not relevant.  There is no basis to involve any of
Defendant's patients in this retaliation and breach of contract lawsuit, and Defendant will
raise this issue with the Court separately, if necessary.

Defendant objected to each of these interrogatories, and the Magistrate Judge correctly denied them as overbroad.

Plaintiff's justification for each of these interrogatories is again the allegation that MCHSAL confiscated or destroyed Plaintiff's notes from his housing unit after his termination. (ECF No. 81 at 7-10.) Plaintiff states, with no explanation, that "Defendant at first admitted that it removed such material, although it now denies it." (*Id.*) This is incorrect. In its answer, Defendant admitted only "that it retained patient records and other MCHSAL files that was [sic] the property of MCHSAL." (ECF No. 44 ¶ 37.) Defendant neither retained nor destroyed any of Plaintiff's notes, as explained in its opposition to Plaintiff's motion to compel and supporting declarations. (ECF No. 72 at 20-22.) In fact, the only notes Plaintiff has from his employment were returned to him by MCHSAL—Plaintiff found them in the pocket of one of his suits. (*See id.* at 22.) Plaintiff has no evidence suggesting that any other notes ever existed, or if they did, that Defendant destroyed them. This unfounded allegation does not justify Plaintiff's request for the identities of every single patient Defendant admitted or transferred during Plaintiff's three months of employment.

Plaintiff justifies interrogatory No. 15, which seeks the names of every patient admitted on September 15 and 16, 2010, on the ground that it relates to paragraph 11.H in the Second Amended Complaint. That paragraph alleges "two instances of negligence, patient safety compromise, [and] admissions from the ER for 'observation' with no valid reason." Based on this vague allegation involving unknown patients and circumstances, Plaintiff demands *all* patient names (and their records) from those two days. Similarly,

9

interrogatory No. 16 seeks the identities of *all* patients "transferred from MCHSAL to Mayo Clinic" during Plaintiff's employment, on the basis that Plaintiff alleges that MCHSAL transferred unidentified patients without medical necessity.  (ECF No. 81 at 9-10.)  This vague allegation cannot support such a broad, burdensome document request, and it cannot be overlooked that Plaintiff's EMTALA claim based on improper transfers was dismissed.  (ECF No. 42 at 13-14.)  These overbroad requests were properly denied.

**B.     Interrogatory No. 20: All Communications Between Any MCHSAL Employee and Any Potential Employer of Plaintiff.**

This request is facially overbroad, and Defendant objected accordingly.  Plaintiff's "potential employers" is an undefined universe; the interrogatory is not limited to communications about Plaintiff; there is no attempt to limit the request to relevant employees; and it is unlimited as to time.  It is unreasonable to ask Defendant to monitor all communications from all of its employees to all other hospitals or other potential employers of Plaintiff.  Notably, Defendant has produced its responses to inquiries from potential employers in response to plaintiff's document requests.  Plaintiff has never attempted to narrow this overbroad request, and it should be denied.

## CONCLUSION

The volume of documents and information Plaintiff seeks is unreasonable and entirely out of proportion to his claims.  The Magistrate Judge properly denied Plaintiff's motion to compel, and Plaintiff has failed to demonstrate that the Judge's Order was clearly erroneous or contrary to law in any way.  Defendant respectfully requests that the

District Court apply the substantial deference given to a Magistrate Judge's discovery

order and overrule Plaintiff's objections.

Respectfully submitted,

**MASLON EDELMAN BORMAN & BRAND, LLP**

Dated:  February 21, 2014          By:     *s/Charles G. Frohman*
                                                    David T. Schultz (#169730)
                                                    Charles G. Frohman (#386695)
                                           3300 Wells Fargo Center
                                           90 South Seventh Street
                                           Minneapolis, MN  55402-4140
                                           Telephone:  (612) 672-8399
                                           Facsimile:  (612) 642-8399
                                           Email:       david.schultz@maslon.com
                                                           charles.frohman@maslon.com

                                           and

                                           Joanne L. Martin
                                           Mayo Clinic Legal Department
                                           200 First Street SW
                                           Rochester, MN  55905
                                           Telephone:  (507) 284-4266
                                           Facsimile:  (507) 284-0929
                                           Email:  martin.joanne@mayo.edu

                                           **ATTORNEYS FOR DEFENDANT**
                                           **MAYO CLINIC HEALTH**
                                           **SYSTEM - ALBERT LEA**

1023091