UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-3062(DSD/JJK)

Alaa E. Elkharwily, M.D.,

        Plaintiff,

v.                                                    **ORDER**

Mayo Holding Company, a corporation,
d/b/a Mayo Health System, d/b/a
Mayo Clinic Health System, d/b/a
Albert Lea Medical Center - Mayo
Health System, Mayo Clinic Health
System - Albert Lea, a corporation,
Mayo Foundation, Mark Ciota, M.D.,
John Grzybowski, M.D., Dieter
Heinz, M.D., Robert E. Nesse, M.D.,
Steve Underdahl, and Stephen Waldhoff,

        Defendants.


This matter is before the court upon the objection by plaintiff Alaa E. Elkharwily to United States Magistrate Judge Jeffrey J. Keyes's January 24, 2014, order denying in part his motion to compel discovery. Based upon a review of the file, record and proceedings herein, and for the following reasons, the court overrules the objection.


**BACKGROUND**

This employment dispute arises out of the termination of Elkharwily by defendant Mayo Clinic Health System - Albert Lea

(MCHSAL).   The background of this matter is fully set out in previous orders, and the court recites only those facts necessary for disposition of the instant objection.

Elkharwily was employed as a hospitalist at MCHSAL from September 7, 2010, through December 10, 2010.  Second Am. Compl. ¶ 7.  The employment relationship was governed by a contract, which contemplated termination without cause with sixty days' notice and termination for cause with no such notice.  Id. ¶ 10.  While employed by MCHSAL, Elkharwily alleges that he observed and reported instances of negligence, improper patient admissions, failure to follow care and coding procedures, compromised patient safety and fraudulent billing.  Id. ¶¶ 11-12, 15.  On December 8, 2010, Elkharwily was placed on administrative leave.  Id. ¶ 18.  On December 10, 2010, MCHSAL requested that Elkharwily resign.  Id. ¶ 24.  Elkharwily refused and was terminated.  Id. ¶ 26.  Thereafter, Elkharwily reported the allegations of compromised patient safety and violations of federal and state law to Mayo Clinic officials and the Minnesota Board of Medicine.  Id. ¶ 39.  Elkharwily also pursued an administrative appeal of his termination.  Id. ¶ 29.  On July 8, 2011, MCHSAL confirmed the termination decision.  Id. ¶ 46.

On December 6, 2012, Elkharwily filed suit, alleging claims for breach of contract and for retaliation under the Minnesota Whistleblower Act, the False Claims Act and the Emergency Medical

Treatment and Labor Act (EMTALA).[1]  On January 11, 2014, Elkharwily
sought an order compelling MCHSAL to produce materials relating to
these claims.  The magistrate judge granted the motion in part,
denying as overbroad or as moot several of Elkharwily's requests
for production and interrogatories.  Elkharwily objects.

## DISCUSSION

### I.    Standard of Review

The district court will modify or set aside a magistrate
judge's order on a nondispositive issue only if it is clearly
erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R.
Civ. P. 72(a); D. Minn. L.R. 72.2(a).  This is an "extremely
deferential" standard.  Reko v. Creative Promotions, Inc., 70 F.
Supp. 2d 1005, 1007 (D. Minn. 1999).  "A finding is clearly
erroneous when although there is evidence to support it, the
reviewing court on the entire evidence is left with the definite
and firm conviction that a mistake has been committed."  Chakales
v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1996)
(citations and internal quotation marks omitted).  "A decision is
contrary to law when it fails to apply or misapplies relevant

---

[1] On July 2, 2013, the court dismissed claims for intentional
infliction of emotional distress, defamation and violations of the
Minnesota Vulnerable Adults Act.  See ECF No. 42, at 23-24.  The
court also dismissed the portion of the EMTALA claim based on
allegations that Elkharwily was terminated for refusing to transfer
a patient.  Id. at 14.  Further, the court dismissed all individual
and entity defendants other than MCHSAL.  Id. at 23-24.

statutes, case law or rules of procedure." <u>Knutson v. Blue Cross</u> <u>& Blue Shield of Minn.</u>, 254 F.R.D. 553, 556 (D. Minn. 2008) (citation and internal quotation marks omitted).

## II. Requests for Production 9 and 12 and Interrogatories 14, 15, 16 and 20

Elkharwily argues that the magistrate judge clearly erred in denying as overbroad Requests for Production 9 and 12 and Interrogatories 14, 15, 16 and 20.[2]  Elkharwily argues that the requested documents and information are relevant to his retaliation and breach of contract claims and are discoverable.  MCHSAL

---

[2] The relevant Requests for Production and Interrogatories seek "[a]ll files and records relating to the care and treatment and billing for ... [certain] patients at MCHSAL" (Request for Production 9); "[a]ll written policies, procedures[] [and] guidelines in effect during [Elkharwily's] employment at MCHSAL" (Request for Production 12); "the names, medical record numbers and dates of service of all patients admitted, seen, treated or discharged by [Elkharwily] during his employment by [MCHSAL]" (Interrogatory 14); "the names and medical record numbers of patients admitted to MCHSAL on September 14 and 15, 2010" (Interrogatory 15); "the names and medical record numbers of all patients transferred from MCHSAL to Mayo Clinic between September 7, 2010, and December 10, 2010" (Interrogatory 16); and "all communications between any employee of MCHSAL and any potential employer of [Elkharwily] since December 10, 2010" (Interrogatory 20).  <u>See</u> Wylie Decl. Ex. B, ECF No. 67, at 13-14, 19; <u>id.</u> Ex. C, at 7, 15.
 MCHSAL has produced some material in response to Requests for Production 9 and 12.  <u>See</u> Def.'s Resp. 5-8.  Thus, the court construes the portion of Elkharwily's objection concerning those requests for production as relating to any material not already produced.

responds that the magistrate judge properly denied the motion to compel because such material is beyond the boundaries of permissible discovery.  The court agrees.

Parties to a dispute may discover "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  The court must limit discovery, however, when "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Id. R. 26(b)(2)(C)(iii).  "Rule 26(b) of the Federal Rules of Civil Procedure is widely recognized as a discovery rule which is liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992) (citation omitted).  Despite this liberal scope, "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." Id.

Even if a request for production seeks relevant information, however, it may nonetheless be denied if it is overbroad. See WWP, Inc. v. Wounded Warriors Family Support, Inc., 628 F.3d 1032, 1039 (8th Cir. 2011).  Here, the magistrate judge correctly noted that

5

some of the requests and interrogatories are not properly discoverable because they stray too far from the claims alleged and lack proper framing. Specifically, the magistrate judge found the requests and interrogatories overbroad where they presented the opportunity to investigate other unpleaded claims. Indeed, Requests for Production 9 and 12, as well as Interrogatories 14, 15, 16 and 20, are unduly expansive and seek material well outside the boundaries of permissible discovery. Specifically, the requests and interrogatories at issue - such as the interrogatory seeking any communications between any MCHSAL employee and any potential employer of Elkharwily - are sweeping and not contemplated by the discovery rules. See Fed. R. Civ. P. 34(b)(1)(A) (requiring discovery requests to describe what is sought "with reasonable particularity"). Despite the relative liberality of discovery rules, they "should not be misapplied so as to allow fishing expeditions." Hofer, 981 F.2d at 380. Here, the requests for production and interrogatories seek much more material than that required to support the retaliation and breach of contract claims. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (finding that, though discovery is not necessarily limited by the pleadings, "discovery, like all matters of procedure, has ultimate and necessary boundaries." (citation and internal quotation marks omitted)). In sum, the magistrate judge's rulings as to Requests for Production 9 and 12, as well as

Interrogatories 14, 15, 16 and 20, were neither clearly erroneous nor contrary to law. As a result, the court overrules the portion of the objection relating to those requests for production and interrogatories.

## III.   Requests for Production 1, 2 and 10

Elkharwily also objects to the denial as overbroad of Request for Production 1, which seeks "[a]ll documents ... maintained by [MCHSAL] or any employee or agent of [MCHSAL], relating to [Elkharwily]." Wylie Decl. Ex. C, ECF No. 67, at 2. MCHSAL, however, has already produced documents in response to the request, and notes that redactions and assertions of privilege relevant to such material are subject to future consideration by the magistrate judge. Similarly, Elkharwily objects to the denial as overbroad of Request for Production 2, which seeks "[a]ll email and text messages sent or received on [Elkharwily's] Mayo email and text messaging accounts." Id. at 3. Elkharwily argues that MCHSAL has already produced responsive documents, such that the magistrate judge's determination of overbreadth was unwarranted and moot. MCHSAL agrees that it has produced responsive documents, again subject to future consideration by the magistrate judge. Indeed, the magistrate judge expressly excluded from his order any determination regarding redactions or assertions of privilege, reserving consideration of those topics. See ECF No. 80 ¶¶ 1(a)-(b). As a result, notwithstanding the magistrate judge's

conclusion of overbreadth, it appears that Elkharwily has no actual objection to a ruling by the magistrate judge regarding Requests for Production 1 or 2.

Elkharwily also objects to the magistrate judge's denial as overbroad of Request for Production 10, which seeks "[a]ll documents, notes, communications, emails and text messages relating to [Elkharwily] or to any of the claims or defenses in this action prepared, sent or received by [various entities, departments and individuals]." Wylie Decl. Ex. C, ECF No. 67, at 13.   MCHSAL represents, however, that it has produced all responsive material. As a result, Elkharwily appears to have no persisting objection to the magistrate judge's ruling on Request for Production 10.

## IV. Requests for Production 4, 5 and 6

Elkharwily next argues that the magistrate judge clearly erred in denying as moot his Requests for Production 4, 5 and 6.[3] Specifically, Elkharwily argues that, as it relates to the requests at issue, (1) the order does not explicitly require MCHSAL to

---

[3] The relevant Requests for Production seek "[a]ll documents, including patient files, ... relating to the information about [Elkharwily] contained in Dr. Ciota's report to [Health Professionals Services Program] sent December 6, 2010" (Request for Production 4); "[a]ll documents, including patient files ... relating to the reasons for all actions described in [MCHSAL's] Answer ... with respect to [Elkharwily's] employment in December 2010" (Request for Production 5); and "[a]ll documents, including ... patient files ... relating to ... [Elkharwily] and his complaints contained in the letter dated April 6, 2011, from Stephen Waldhoff to [Elkharwily]" (Request for Production 6). Second Wylie Decl. Ex. C, at 4-5.

include in its log otherwise-responsive documents not produced due
to an asserted privilege and (2) the order does not compel
production of patient files. MCHSAL responds, however, that it has
logged all withheld documents in the privilege log provided to
Elkharwily. Further, MCHSAL represents that it has produced all
responsive, non-privileged documents and that such material did not
reference, rely upon or incorporate patient files. Elkharwily
argues that such a representation is disingenuous and that MCHSAL
has not produced responsive patient files.

The court "must accept, at face value, a party's
representation that it has fully produced all materials that are
responsive to a discovery request." Great Lakes Gas Transmission
Ltd. P'ship v. Essar Steel Minn., LLC, No. 09-3037, 2011 WL
1486033, at *5 (D. Minn. Apr. 19, 2011) (citation and internal
quotation marks omitted). Rule 26 "provides adequate protection to
ensure that, if [d]efendants are found to be deficient in their
document production, appropriate sanctions will be leveled and [the
plaintiff] will not suffer undue prejudice." Id. Thus, the
magistrate judge's determination that Requests for Production 4, 5
and 6 are moot was not clearly erroneous or contrary to law. As a
result, the court overrules the portion of the objection relating
to those requests for production.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that plaintiff's objection [ECF No. 81] to the magistrate judge's order is overruled.


Dated:  April 18, 2014


s/David S. Doty
David S. Doty, Judge
United States District Court

10