UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-3062(DSD/JJK)

Alaa E. Elkharwily, M.D.,

            Plaintiff,

v.                                                      **ORDER**

Mayo Holding Company, a corporation,
d/b/a Mayo Health System, d/b/a
Mayo Clinic Health System, d/b/a
Albert Lea Medical Center - Mayo
Health System, Mayo Clinic Health
System - Albert Lea, a corporation,
Mayo Foundation, Mark Ciota, M.D.,
John Grzybowski, M.D., Dieter
Heinz, M.D., Robert E. Nesse, M.D.,
Steve Underdahl, and Stephen Waldhoff,

            Defendants.


        Richard T. Wylie, Esq., 222 South Ninth Street, Suite
        1600, Minneapolis, MN 55402, counsel for plaintiff.

        David T. Schultz, Esq., Joanne L. Martin, Esq., Charles
        G. Frohman, Esq., Paul B. Civello, Esq. and Maslon,
        Edelman, Borman & Brand, LLP, 90 South Seventh Street,
        Suite 3300, Minneapolis, MN 55402, counsel for
        defendants.


        This matter is before the court upon the objections by

plaintiff Alaa E. Elkharwily to United States Magistrate Judge

Jeffrey J. Keyes's May 19, 2014, and June 2, 2014, orders granting

in part his motion to compel discovery.  Based on a review of the

file, record and proceedings herein, and for the following reasons,

the court sustains the objections in part.

**BACKGROUND**

This employment dispute arises out of the termination of Elkharwily by defendant Mayo Clinic Health System - Albert Lea (MCHSAL). The background of this matter is fully set out in previous orders, and the court recites only those facts necessary for disposition of the instant objection.

Elkharwily was employed as a hospitalist at MCHSAL from September 7, 2010, through December 10, 2010. Second Am. Compl. ¶ 7. The employment relationship was governed by a contract, which contemplated termination without cause with sixty days' notice and termination for cause with no such notice. Id. ¶ 10. While employed by MCHSAL, Elkharwily alleges that he observed and reported instances of negligence, improper patient admissions, failure to follow care and coding procedures, compromised patient safety and fraudulent billing. Id. ¶¶ 11-12, 15. On December 8, 2010, Elkharwily was placed on administrative leave. Id. ¶ 18. On December 10, 2010, MCHSAL requested that Elkharwily resign. Id. ¶ 24. Elkharwily refused and was terminated. Id. ¶ 26. Thereafter, Elkharwily reported the allegations of compromised patient safety and violations of federal and state law to Mayo Clinic officials and the Minnesota Board of Medicine. Id. ¶ 39. Elkharwily also pursued an administrative appeal of his termination. Id. ¶ 29. On July 8, 2011, MCHSAL confirmed the termination decision. Id. ¶ 46.

2

On December 6, 2012, Elkharwily filed suit, alleging claims for breach of contract and for retaliation under the Minnesota Whistleblower Act, the False Claims Act and the Emergency Medical Treatment and Labor Act (EMTALA).[1]  On May 5, 2014, Elkharwily moved to compel MCHSAL to produce materials relating to these claims.  The magistrate judge denied the motion with respect to the request for additional depositions and deferred ruling on the remainder of the motion in order to review the relevant documents in camera.  See ECF No. 118.  On June 2, 2014, the magistrate judge granted in part the remaining portions of the motion and ordered defendants to produce Exhibit 86 in unredacted form, including its attachments, an updated privilege log and the declaration of Beth L. Lacanne.  See ECF No. 121.  Elkharwily objects to the magistrate judge's (1) denial of the motion for 20 additional depositions and (2) application of the peer review privilege.[2]

---

[1] On July 2, 2013, the court dismissed claims for intentional infliction of emotional distress, defamation and violations of the Minnesota Vulnerable Adults Act.  See ECF No. 42, at 23-24.  The court also dismissed the portion of the EMTALA claim based on allegations that Elkharwily was terminated for refusing to transfer a patient.  Id. at 14.  Further, the court dismissed all individual and entity defendants other than MCHSAL.  Id. at 23-24.

[2] The scheduling order states that the deadline for non-dispositive motions was April 1, 2014.  See ECF No. 49.  Here, Elkharwily filed motions to compel discovery on January 11, 2014, April 4, 2014, and May 5, 2014.  See ECF Nos. 61, 93, 104. Elharwily characterizes the instant motion as "supplementary," as it continues to raise objections to the defendants' assertion of the peer review privilege.  See ECF No. 104.  Elkharwily is directed to observe the deadlines set out in the scheduling orders,
(continued...)

**DISCUSSION**

## I.  Standard of Review

The district court will modify or set aside a magistrate judge's order on a nondispositive issue only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a).  This is an "extremely deferential" standard.  <u>Reko v. Creative Promotions, Inc.</u>, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  <u>Chakales v. Comm'r of Internal Revenue</u>, 79 F.3d 726, 728 (8th Cir. 1996) (citations and internal quotation marks omitted).  "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure."  <u>Knutson v. Blue Cross & Blue Shield of Minn.</u>, 254 F.R.D. 553, 556 (D. Minn. 2008) (citation and internal quotation marks omitted).

## II. Additional Depositions

Elkharwily argues that the magistrate judge clearly erred in denying the motion for 20 additional depositions.  Specifically, Elkharwily seeks to depose Steve Underdahl, who has already been deposed, Dr. Robert Nesse, Stephanie Low, Tyson Stackhouse, Dr.

---

(...continued)
and untimely motions may be subject to dismissal on procedural grounds alone.  <u>See</u> ECF Nos. 49, 119.

Karen Gosen, Dr. Tom Howell, Marianne Mauer, Ramona Anderson, Dr. Leonard Shellhamer, Dr. Jeffrey Lotts, Sandra Birchem, Jennifer Blachowski, Amy Boyer, Kevin Nelson, Arvid Vocal and unnamed recruiters and medical directors of Mayo Health System hospitals in La Crosse, Austin, Owatonna and Rochester, Minnesota. See ECF No. 104, at 2-3. Elkharwily argues that such individuals have knowledge of events relevant to his claims and should be subject to deposition. MCHSAL responds that the magistrate judge properly denied the motion to compel because Elkharwily failed to demonstrate good cause for additional depositions.

Under Rule 16, a pretrial scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Further, a request to take more depositions than authorized by the scheduling order "must be supported by a particularized showing of why the additional discovery is necessary." Medtronic, Inc. v. Guidant Corp., No. 00-1473, 2003 WL 23867342, at *1 (D. Minn. May 9, 2003) (citations omitted). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 717 (8th Cir. 2008) (citations and internal quotation marks omitted).

Elkharwily first argues that good cause is present because the instant dispute relates to serious allegations of misconduct relating to public health. See Pl.'s Obj., ECF No. 122, at 5-6.

Such an expansive interpretation of the good-cause standard is not warranted.  As already explained, the standard is whether a movant can demonstrate good cause for nonobservance of the scheduling order, rather than the perceived importance of the subject matter of the underlying suit.  As a result, such an argument is without merit.

Elkharwily next argues that good cause is present because defendants belatedly produced the documents at issue. Specifically, Elkharwily wishes to depose Underdahl on Deposition Exhibits 86 and 89, which were produced after his first deposition. See ECF No. 121.  On June 2, 2014, the magistrate judge ordered MCHSAL to produce an unredacted version of Exhibit 86, which relates to a request for investigation into Elkharwily's reports of violations of medical standards.  See Mem. Supp., ECF No. 106, at 18.  Exhibit 89 contains notes on Elkharwily's removal from practice and placement on administrative leave.  See Mem. Supp., ECF No. 122, at 9.  Elkharwily argues that he should be allowed to depose Underdahl about such documents because they evince an intent to create reasons for terminating Elkharwily.  Given the late production of such documents, the court finds that the magistrate judge erred in holding that Elkharwily is not entitled to additional discovery on them.  See BreathableBaby, LLC v. Crown Crafts, Inc., No. 12-94, 2013 WL 3350594, at *7 (D. Minn. May 31, 2013); Gallus v. Am. Express Fin. Corp., No. 04-4498, 2006 WL

2590646, at *1 (D. Minn. June 22, 2006).  As a result, Elkharwily is entitled to an additional limited deposition of Underdahl. Therefore, Elkharwily will be permitted to depose Underdahl for a maximum of two (2) hours and the subject of such deposition shall be restricted to Exhibits 86 and 88.

Finally, Elkharwily argues that the other newly-proposed deponents are the only sources of specific information that is relevant to the suit.  Elkharwily, however, points to no specific new information that emerged in discovery that warrants a greater number of depositions.  Indeed, the individuals and any relevant knowledge were known to Elkharwily prior to suit, and he made necessary choices in selecting the individuals that he deposed.  As a result, the magistrate judge did not err in finding that Elkharwily failed to demonstrate good cause with respect to such individuals and that further depositions are not warranted.  As a result, the court sustains in part the objection relating to the request for more depositions.

## III.  Peer Review Privilege

Elkharwily also objects to the magistrate judge's denial, on the basis of peer review privilege, of his request for documents relating to certain mortality conferences.[3]  On June 2, 2014, the

_____

[3] Elkharwily also objects to the magistrate judge's failure to order production of patient files and charts in response to his most recent discovery motion.  See Pl.'s Obj., ECF No. 129, 11-12. Elkharwily's third motion to compel, however, did not specifically
(continued...)

magistrate judge, after conducting an in camera review of the documents at issue, concluded that the documents relating to mortality conferences were either protected by the peer review privilege or inaccessible to defendants due to the inadvertent corruption of electronic files.[4]   See ECF No. 121.   Elkharwily argues that the magistrate judge clearly erred in applying the peer review privilege to the instant dispute.

Where, as here, a plaintiff alleges claims under both federal and state law, it is within the court's discretion to apply the state peer review privilege statute.   See Holland v. Muscatine Gen. Hosp., 971 F. Supp. 385, 388 (S.D. Iowa 1997).   Even when not federally adopted, a privilege provided by the law of the forum state should be respected insofar as "this can be accomplished at

---

(...continued)
seek production of patient files or charts related to the mortality conferences.   See ECF No. 104.   As a result, the magistrate judge did not err in declining to order production of patient files and charts, and such an objection is not properly before the court.

[4]   Elkharwily argues that, contrary to its stated position, MCHSAL is able to access the corrupted files.   The court "must accept, at face value, a party's representation that it has fully produced all materials that are responsive to a discovery request." Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC, No. 09-3037, 2011 WL 1486033, at *5 (D. Minn. Apr. 19, 2011) (citation and internal quotation marks omitted).   In other words, the court will not second-guess a party's representation of compliance with discovery.   Rule 26 "provides adequate protection to ensure that, if [d]efendant[] [is] found to be deficient in [its] document production, appropriate sanctions will be leveled and [the plaintiff] will not suffer undue prejudice." Id.   As a result, the court credits MCHSAL's assertion that it cannot retrieve the documents at issue.

no substantial cost to federal substantive and procedural policy."
Mem'l Hosp. for McHenry Cnty. v. Shadur, 664 F.2d 1058, 1061 (7th
Cir. 1981) (per curiam) (citation and internal quotation marks
omitted).   The recognition of new privileges in federal court
involves a "case-by-case" assessment.   See Jaffee v. Redmond, 518
U.S. 1, 8 (1996).

Here, it was not clearly erroneous for the magistrate judge to
conclude that Minnesota Statutes § 145.64 applies to the instant
dispute.   In his objection, Elkharwily attempts to reanimate his
previous objection to the application of § 145.64.   At oral
argument, however, Elkharwily conceded the potential applicability
of the Minnesota peer review privilege to the instant action.   See
Hr'g Tr., ECF No. 133, at 5:9-14 ("[T]here's no federal peer review
privilege, but a federal court can apply [the state peer review
statute] in its discretion if there's good reason to do it ....").
Further, the magistrate judge did not issue a blanket ruling
applying the privilege to the case, but instead ordered that
"[o]nce privilege logs are exchanged, and an evaluation can be made
as to whether the peer review privilege applies as to specific
documents, then any unresolved issues can be brought to the [c]ourt
on motion for a determination."   ECF No. 80, at 2.   Such an
approach - including an in camera inspection - balances the
interests of encouraging effective review of medical care and
disclosure of "documents and information which have a close degree

of relevance to a hospital's knowledge and investigation of the conduct of physicians" in violation of federal law. <u>Holland</u>, 971 F. Supp. at 389; <u>see also</u> <u>Utech v. Bynum</u>, No. 07-4712, 2008 WL 6582594, at *2-3 (D. Minn. 2008) (Erickson, M.J.) (applying § 145.64); <u>Eldeeb v. Univ. of Minn.</u>, 864 F. Supp. 905, 914 n.4 (D. Minn. 1994) (recognizing that § 145.64 applies "for the benefit of the review organization"). As a result, the magistrate judge did not clearly err in applying a limited peer review privilege to the instant matter, and the court overrules the objection relating to application of the peer review privilege.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The objection to the magistrate judge's order regarding additional depositions [ECF No. 122] is sustained in part, consistent with this order;

2. The objection to the magistrate judge's order regarding application of the peer review privilege [ECF No. 129] is overruled.

Dated:  July 21, 2014

s/David S. Doty
David S. Doty, Judge
United States District Court

10