UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-3062(DSD/JJK)

Alaa E. Elkharwily, M.D.,

      Plaintiff,

v.                                                          **ORDER**

Mayo Holding Company, a corporation,
d/b/a Mayo Health System, d/b/a
Mayo Clinic Health System, d/b/a
Albert Lea Medical Center - Mayo
Health System, Mayo Clinic Health
System - Albert Lea, a corporation,
Mayo Foundation, Mark Ciota, M.D.,
John Grzybowski, M.D., Dieter
Heinz, M.D., Robert E. Nesse, M.D.,
Steve Underdahl, and Stephen Waldhoff,

      Defendants.

    Richard T. Wylie, Esq., 222 South Ninth Street, Suite 1600, Minneapolis, MN 55402, counsel for plaintiff.

    David T. Schultz, Esq., Charles G. Frohman, Esq. and Maslon, Edelman, Borman & Brand, LLP, 90 South Seventh Street, Suite 3300, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court upon the request by plaintiff Alaa Elkharwily to file a motion to reconsider the court's July 2, 2013, order granting in part and denying in part defendants' motion to dismiss. See ECF No. 42. In that order, the court dismissed Elkharwily's claims for intentional infliction of emotional distress, defamation and violations of the Minnesota Vulnerable Adults Act (MVAA). See id. at 23-24. The court also dismissed the portion of the Emergency Medical Treatment and Labor Act (EMTALA)

claim based on allegations that Elkharwily was terminated for refusing to transfer a patient. Id. at 14. Further, the court dismissed all individual and entity defendants other than Mayo Clinic Health System - Albert Lea (MCHSAL). Id. at 23-24. Elkharwily argues that discovery has revealed facts that undermine the court's ruling and require revision of the order under Rule 54(b).

Motions to reconsider require the express permission of the court and will be granted only upon a showing of "compelling circumstances." D. Minn. LR 7.1(j). A motion to reconsider should not be employed to relitigate old issues but rather to "afford an opportunity for relief in extraordinary circumstances." Dale & Selby Superette & Deli v. U.S. Dep't of Agric., 838 F. Supp. 1346, 1348 (D. Minn. 1993). "Where, as here, claims against another party in the litigation remain unresolved, a Motion to Reconsider must be addressed under the rubric of Rule 54(b) ...." Grozdanich v. Leisure Hills Health Ctr., Inc., 48 F. Supp. 2d 885, 887 (D. Minn. 1999). Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Although "questions once decided [should] not be subject to continued argument, in extraordinary circumstances, a

2

District Court will always retain the authority to revisit its earlier decisions, under this Rule, before the entry of a final Judgment, in order to correct manifest error." Grozdanich, 48 F. Supp. 2d at 877-78 (alteration in original) (citation and internal quotation marks omitted). Because reconsideration "interrupts the flow of litigation towards its conclusion," however, it "should not serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought." Id. at 878 (citation and internal quotation marks omitted).

Elkharwily first argues that the court should reconsider its decision to dismiss Mayo Clinic and Mayo Clinic Health System because he has uncovered facts showing that those entities controlled MCHSAL's decision to terminate his employment. Even if taken as true, the facts cited do not support a finding that Mayo Clinic and Mayo Clinic Health System "caused Defendant MCHSAL to discharge [Elkharwily] and later affirm [Elkharwily's] discharge." Second Am. Compl. ¶ 52. The facts show, at most, that certain Mayo Clinic executives were aware of Elkharwily's complaints. Even if reconsideration were appropriate, the court is mindful of the obvious prejudice that would be caused to the dismissed parties if the claims against them were reopened.

Elkharwily next argues that the court should allow him to proceed with his failure-to-transfer claim under EMTALA because

3

medical records produced during discovery corroborate his allegations that the patient was unstable when Elkharwily declined to transfer him.  As noted in the order, however, the allegations in the complaint contradict Elkharwily's own sworn and notarized statement made to the medical board shortly after the incident. Under these circumstances, the court properly dismissed this aspect of the EMTALA claim and will not revisit the issue.

Elkharwily also argues that the court erred in dismissing his claim under the MVAA because he properly alleged compliance with the MVAA.  Elkharwily has presented no information, however, to establish that the court's determination was in error.

Elkharwily lastly argues that the court should reinstate his defamation claim.  Elkharwily, however, sets forth no facts undermining the basis for the court's decision.  In sum, the court has reviewed the request, MCHSAL's opposition, and the July 2, 2013, order and finds that no manifest errors have occurred and that no extraordinary circumstances exist.  As a result, reconsideration is not warranted.

Accordingly, **IT IS HEREBY ORDERED** that the request for permission to file a motion to reconsider [ECF No. 142] is denied.

Dated:  August 11, 2014

s/David S. Doty
David S. Doty, Judge
United States District Court
