UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-3062(DSD/JJK)

Alaa E. Elkharwily, M.D.,

    Plaintiff,

v.

Mayo Holding Company, a corporation,
d/b/a Mayo Health System, d/b/a
Mayo Clinic Health System, d/b/a
Albert Lea Medical Center - Mayo
Health System, Mayo Clinic Health
System - Albert Lea, a corporation,
Mayo Foundation, Mark Ciota, M.D.,
John Grzybowski, M.D., Dieter
Heinz, M.D., Robert E. Nesse, M.D.,
Steve Underdahl, and Stephen Waldhoff,

    Defendants.

**ORDER**

    Richard T. Wylie, Esq., 222 South Ninth Street, Suite 1600, Minneapolis, MN 55402, counsel for plaintiff.

    David T. Schultz, Esq., Charles G. Frohman, Esq. and Maslon, Edelman, Borman & Brand, LLP, 90 South Seventh Street, Suite 3300, Minneapolis, MN 55402; Joanne L. Martin, Mayo Clinic, 200 First Street S.W., Rochester, MN 55905, counsel for defendants.

    This matter is before the court upon the motion for review of cost judgment by defendant Mayo Health System - Albert Lea (MCHSAL). Based on a review of the file, record, and proceedings herein, the court grants the motion.

**BACKGROUND**

    This employment dispute arises out of the termination of plaintiff Alaa Elkharwily by MCHSAL. On February 5, 2015, the

court granted summary judgment to MCHSAL and dismissed the matter with prejudice.  Thereafter, MCHSAL moved for the award of costs under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.  On April 10, 2015, the clerk of court taxed $10,350.61 in costs in favor of defendants.  MCHSAL now moves for review of the cost judgment.

**DISCUSSION**

**I.   Costs**

The court has "substantial discretion" in awarding costs to a prevailing party under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d).  Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997).  Unless a federal statute, rules, or court order provides otherwise, "costs — other than attorney's fees — should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  In addition to other costs, the clerk of court may tax "[f]ees and disbursements for printing and witnesses" and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(3)-(4).  As the non-prevailing party, Elkharwily has the burden to show that the cost judgment "is inequitable under the circumstances."  Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002).

**A.   Deposition Transcript Fees**

MCHSAL challenges the clerk of court's denial of transcript fees for witnesses Hilger and Warner, explaining that both witnesses were referenced by Elkharwily in briefing and communications with the court and thus were "necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  Elkharwily does not effectively contest this fact.  Furthermore, "transcripts that are used in a court proceeding or that are deemed reasonably necessary to the parties at the time they are taken can be taxable."  <u>Shukh v. Seagate Tech., LLC</u>, No. 10-404, 2014 WL 4348199, at *4 (D. Minn. Sept. 2, 2014).  Here, Elkharwily noticed the depositions at issue and MCHSAL appropriately ordered transcripts in order to respond to Elkharwily's claims.  The court will therefore allow as costs the transcript fees for Hilger ($498.25) and Warner ($275.00).  <u>See</u> <u>id.</u> ("Generally, courts allow the prevailing party to recover the costs for depositions noticed and taken by the losing party.").

**B.   Witness Fees**

The clerk of court denied witness fees and mileage for Underdahl ($181.20), Heinz ($69.90), Ciota ($40.00), Waldhoff ($112.45), and Grzybowski ($112.45), because it determined that they were still parties in this action at the time the expenses were incurred.  As MCHSAL correctly notes, however, each of the

3

above-named individuals was dismissed early in the case and before discovery commenced. See ECF No. 42. As such, the above fees are allowed.

**II.  Expert Witness Fees**

The court further orders that plaintiff Elkharwily shall comply with the court's order dated November 18, 2014, which requires the parties to "pay for the other party's expert witness fees for attendance at that expert's deposition." ECF No. 184. Consistent with that order, Elkharwily shall pay MCHSAL $5,525.00 within fourteen days of the date of this order.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1.   The motion for review of cost judgment [ECF No. 257] is granted;

2.   The cost judgment is modified to include $516.00 in witness fees and $773.25 in transcript fees.

3.   Elkharwily shall pay $5,525.00 in expert witness fees, consistent with the court's November 18, 2014, order.

Dated:  May 1, 2015

s/David S. Doty
David S. Doty, Judge
United States District Court
