```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF MINNESOTA
                    Civil No. 12-3062(DSD/JJK)
```

Alaa E. Elkharwily, M.D.,

      Plaintiff,

v.                                                          **ORDER**

Mayo Holding Company, a corporation,
d/b/a Mayo Health System, d/b/a
Mayo Clinic Health System, d/b/a
Albert Lea Medical Center - Mayo
Health System, Mayo Clinic Health
System - Albert Lea, a corporation,
Mayo Foundation, Mark Ciota, M.D.,
John Grzybowski, M.D., Dieter
Heinz, M.D., Robert E. Nesse, M.D.,
Steve Underdahl, and Stephen Waldhoff,

      Defendants.

    Alaa Elkharwily, M.D., pro se, 10407 SE 174th Ave., #1407, Renton, WA 98055.

    Charles G. Frohman, Esq. and Maslon, Edelman, Borman & Brand, LLP, 90 South Seventh Street, Suite 3300, Minneapolis, MN 55402; Joanne L. Martin, Mayo Clinic, 200 First Street S.W., Rochester, MN 55905, counsel for defendants.

This matter is before the court upon the motion for order to show cause why plaintiff should not be found in contempt for violating the protective order in this now-closed case and to compel the immediate return of confidential documents by defendant Mayo Clinic Health System - Albert Lea (MCHSAL). Also before the court are the motions to dismiss and for change of venue by plaintiff Alaa Elkharwily.

The closed employment dispute underlying the instant motions arose out of the termination of plaintiff Alaa Elkharwily by MCHSAL.  On February 5, 2015, the court granted summary judgment to MCHSAL and dismissed the matter with prejudice.  The Eighth Circuit Court of Appeals affirmed the decision and later denied Elkharwily's petition for rehearing.  The Supreme Court denied his petition for certiorari on November 14, 2016, and denied his petition for rehearing on January 9, 2017.  On March 3, 3017, MCHSAL brought the instant motion to show cause after learning that Elkharwily has been contacting MCHSAL patients, patients' families, and MCHSAL employees and disclosing information from confidential documents produced by MCHSAL in the litigation.  MCHSAL argues that Elkharwily's conduct violates the underlying protective order, which remains viable post-judgment.  See ECF No. 47 ¶ 15.  The details of those contacts are set forth in MCHSAL's papers and will not be repeated here.  See ECF Nos. 288-292.

In response to the motion, Elkharwily, now pro se, filed a motion to dismiss MCHSAL's motion, arguing that MCHSAL did not attempt to meet and confer with him as required and that he is entitled to discovery.  Elkharwily also filed a baseless motion for change of venue to federal court in Washington, arguing that the case cannot be handled fairly in this district because one of MCHSAL's former attorneys is now a United States Magistrate Judge

for the District of Minnesota.[1]  Elkharwily does not deny that he contacted MCHSAL patients or families of patients, but argues that he did not use confidential information in doing so, and thus did not violate the protective order.  Elkharwily also notably acknowledges that he still has confidential documents from the litigation, but argues that he is permitted to keep those documents because he is now acting as his own counsel.

The court disagrees with Elkharwily's position.  First, paragraph 3 of the protective order prohibits the parties from using confidential documents or information contained therein for purposes outside the scope of the litigation.  <u>See</u> ECF No. 288-1 ¶ 3.  MCHSAL has established that Elkharwily used and disclosed patient information marked as confidential following the close of the case.  Therefore, Elkharwily is in direct violation of the protective order.  Although he may believe that there are issues that remain in the case, he is incorrect.  The case is closed and has been for more than two years.

Second, paragraph 11 of the protective order requires counsel for the parties (Elkharwily now included) to, within "60 days of the termination of this action, including any appeals, ... destroy or return to the opposing party all documents designated by the

---

[1] Magistrate Judge David T. Schultz was sworn in on February 7, 2017, two years after this case ended.  He has had no involvement in this case during the appointment process or in his current position, nor will he.

opposing party as 'Confidential', and all copies of such documents, and shall destroy all extracts and/or data taken from such documents."[2]  Id. ¶ 11.  The Supreme Court denied Elkharwily's petition for rehearing on January 9, 2017.  Therefore, Elkharwily was obligated to destroy or return all documents marked by MCHSAL as "confidential" by March 10, 2017.  His admitted failure to do so renders him in violation of the protective order.[3]

As a result, based on the file, record, proceedings herein, and the arguments of the parties, the court is satisfied that Elkharwily has violated the terms of the protective order and that his defenses and motions lack merit.

Accordingly, **IT IS HEREBY ORDERED** that:

1.  The motion for order to show cause [ECF No. 285] is granted;

2.  Elkharwily is in civil contempt of court for his violations of the protective order issued in this matter;

3.  Within three days of the date of this order, Elkharwily shall (a) return all documents in his possession, custody or

---

[2] Elkharwily may "retain a set of all documents <u>filed with the Court</u> and all correspondence generated in connection with the action." Id.  This provision necessarily excludes the documents at issue.

[3] Elkharwily's explanation that he is keeping the documents to support a planned motion under Fed. R. Civ. P. 60(b) does not justify his violation of the protective order.  The order contains no exception to the now-passed 60-day post-termination deadline.

4

control, including those documents that remain in the possession of his former attorney, Rick Wylie, obtained from MCHSAL that contain confidential medical records and patient information; (b) destroy all electronic copies of such documents and all extracts and/or data taken from such documents; and (c) certify in writing that he has returned and destroyed all such documents;

4. Elkharwily is ordered to refrain from using MCHSAL's confidential records or the information contained therein for any purpose;

5. Elkharwily is ordered to pay MCHSAL's reasonable attorney's fees and costs associated with bringing the motion for order to show cause;

6. Counsel for MCHSAL is ordered to submit a request for attorney's fees and costs to this court for its review by April 28, 2017, after which a further order will issue;

7. The motion to dismiss [ECF No. 301] is denied; and

8. The motion to change venue [ECF No. 309] is denied.

Dated: April 13, 2017

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court